UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARDS                                   CIVIL ACTION

VERSUS                                     NO: 11-1096

BRITISH PETROLEUM ET AL.                   SECTION: "J"(1)

**ORDER AND REASONS**

Before the Court are Plaintiff's Motion for Judgment on the
Pleadings (Rec. Doc. 21) and oppositions by BP Exploration &
Production Inc. ("BP") (Rec. Doc. 32), Halliburton Energy
Services, Inc. ("Halliburton") (Rec. Doc. 33), and the Gulf Coast
Claims Facility (the "GCCF") (Rec. Doc. 44); and Motions to
Dismiss filed by Cameron International Corporation ("Cameron")
(Rec. Doc. 10), BP (Rec. Doc. 9), Halliburton (Rec. Doc. 18), and
the GCCF (Rec. Doc. 43), oppositions by Plaintiff (Rec. Docs. 12,
13, 37, 38, & 49), and replies by BP (Rec. Doc. 20), Cameron
(Rec. Doc. 16), and Halliburton (Rec. Doc. 40). Having
considered the motions and legal memoranda, the record, and the
applicable law, the Court is prepared to issue its ruling.

1

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

Plaintiff, Velma Jean Richards, filed the instant complaint *pro se* on May 12, 2011, concerning her alleged submission to BP of ideas for containing the flow of oil and cleaning up oil released in the aftermath of the blowout on the *Deepwater Horizon* in April 2010.  The complaint is captioned "Claims of Theft of Intellectual Property."  Rec. Doc. 1, at 1.  Although this matter was initially consolidated with MDL 2179, <u>In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010</u>, the Court subsequently ordered that this matter be severed from the MDL.  Rec. Doc. 5.[1]

Plaintiff's complaint contains an amalgamation of Plaintiff's biographical information, alleged records of telephone calls and email correspondence with certain defendants concerning submissions of proposals concerning oil spill relief efforts, apparent quotations of documentation indicating statuses of claims filed by Plaintiff with the GCCF, a listing of various journals and written documents, and allegations with respect to what Plaintiff claims is her intellectual property.  The thrust of the complaint concerns several submissions she made to BP

---

[1] Citations to record documents are to Civil Action No. 11-1096, unless noted otherwise.

during May through July 2010 of Alternate Response Technology ("ART") proposals for how to address the oil spill: (1) plugging the leak using a combination of materials, (2) placing a giant plunger on the well, (3) using a vinegar solution to clean up the spill, (4) the use by BP of spiritual terms to inspire confidence and respect for the American people, (5) a combination of use of a large tanker, cutting the riser pipe with giant scissors, and other matters, (6) a re-urging of the plunger idea and a submission concerning a hinge, and (7) an email to Kenneth Feinberg concerning the drilling of a hole and siphoning of oil.

Plaintiff, in her complaint, mainly discusses her second proposal, the use of a giant plunger device to contain the oil flow. She avers that on June 6, 2010, she "observed media pictures of [her] (ART) proposal #2, a giant plunger device." Rec. Doc. 1, at 2. She states that she telephoned BP regarding her proposal that BP was using and was told someone would get in touch with her. She avers that she engaged in a series of email communications with BP concerning the matter. She also discusses at length communications with the GCCF concerning her claim with the GCCF. She avers that she emailed Feinberg requesting that he ask BP to "cease and desist from using my ideas - intellectual property." Rec. Doc. 1, at 3. Plaintiff avers that Feinberg

should have disclosed to her that he worked for BP, when she first contacted his office.  She also alleges that she filed a provisional patent application with the United States Patent and Trademark Office ("PTO").

In addition to styling her complaint as an action concerning theft of intellectual property, she makes allegations of theft within the complaint.  She "alleges the Defendants Tacit Plans- are for the Historical and Systematic Theft of Intellectual Property Globally."  Rec. Doc. 1, at 6.  She ascribes "Theft of Intellectual Property" to the "Defendant," who "perpetuate[s] a high stake- high risk business."  Id. at 8.  She avers that her "ART has been in the possession of BP since May 29, 2010, who integrated it with the OIL Industry."  Id.  Her allegations with regard to individual defendants are as follows:

> BP- Oil well operators.
> Transocean- Oil drillers and operates the RIG.
> Cameron International- builders of Equipments, i.e.,
> blowout preventers.
> Haliburton- cement, and clean- up oil spill.
> They are all alleged in Plaintiff- Theft of
> Intellectual Property.  Defendants have exhibited the
> new technology that stop the Disaster in the Gulf.
> Plaintiff - OIL RETRIEVING SYSTEM, patent
> pending#61408961.  Plaintiff alleges Defendants each
> stole parts of Plaintiff ART- invention.

Rec. Doc. 1, at 8.  Plaintiff avers that she is disabled, will amend claims if asked to do so by the Court, is *pro se*, requests

a transfer to the Court of Claims if necessary, requests attorney's fees, asks for summary judgment, and asks for any other relief she is due.

Plaintiff filed an amended complaint on May 27, 2011.  Civil Action No. 10-md-2179, Rec. Doc. 2596.  Near the end of this 98-page filing, Plaintiff states that there are "13 pages of claim" and "76 pages of affidavit."  Id. at 97.  The latter contains an assortment of emails between BP and her, emails between the GCCF and her, a proof of confirmation from the PTO of the filing of a patent application, a letter from a BP attorney, the title page of a law journal article, a Privacy Act Statement, an application to proceed in forma pauperis, and additional correspondence from the GCCF.  The thrust of the amendment to the complaint is to include five pages that were omitted from the initial complaint.  See id. at 2.  These five pages mainly add more biographical information, court opinion citations, and randomized phrases.  More germane to the relief sought, the amended complaint states that Plaintiff "kept track of ART through the use of 'emails' and telephone communications.  This indicates the Individuals, Plaintiff communicated with about Plaintiff ART."  Id. at 7.  The amended complaint also states that "Defendants allegedly used Plaintiff ART for new technology, that both stop the oil spill

and cleaned it, up in the Gulf of Mexico." Id.  The amended complaint further states that a defendant had come up with a "Cofferdome" that failed the week before Plaintiff submitted her proposal to the defendants.  Id.  All defendants, with the exception of the Transocean entities, have filed motions to dismiss.  Plaintiff filed a motion for judgment on the pleadings.

## THE PARTIES' ARGUMENTS

In her motion for judgment on the pleadings, Plaintiff states that the defendants do not deny any of her allegations, and that therefore her allegations should be regarded as true. She states that there are no issues of fact, the defendants have waived all future appearances, and she is entitled to relief. The defendants argue that they do contest Plaintiff's allegations, and that their arguments are set forth in their motions to dismiss.

With respect to the motions to dismiss, BP's first argument is that Plaintiff fails to state a claim for copyright infringement.  BP states that Plaintiff has failed to allege that BP has reproduced, performed, displayed, published, or publically distributed her submission regarding the "giant plunger" device. Instead, Plaintiff has stated that BP "used" the ideas from her

6

submission.  BP contends that functional use is outside the scope of actionable copyright infringement.  BP also argues that Plaintiff fails to state a claim for patent infringement because she has not obtained a patent.  Additionally, BP argues that the complaint does not plausibly allege any theft of Plaintiff's intellectual property.  BP contends that Plaintiff has not, and cannot, allege facts establishing that BP has used her submission in any form, other than BP's review and rejection of her idea in the screening phase.  The other defendants raise arguments similar to BP's in their motions to dismiss.

Cameron contends that Plaintiff does not make any allegations as to how or when Cameron stole a part of her invention, nor has she alleged how Cameron is currently utilizing her invention.  Additionally, Cameron argues that Plaintiff has not shown that Cameron was involved with her invention or that BP and Cameron communicated regarding Plaintiff's intellectual property.  Cameron also argues that Plaintiff's single allegation against it does not permit the Court to reasonably infer that Cameron is liable for theft of Plaintiff's intellectual property.

Halliburton argues that Plaintiff's complaint lacks sufficient factual material, accepted as true, to state a claim for relief that is plausible on its face.  It alleges that

7

Plaintiff's complaint is devoid of any factual allegations and that it fails to establish a claim upon which relief may be granted.  Halliburton argues that Plaintiff's complaint does not allege how Halliburton obtained Plaintiff's property.  It also argues that the complaint lacks any allegations in support of personal jurisdiction or subject matter jurisdiction.

The GCCF argues that the complaint fails to state a claim for copyright infringement because there are no allegations establishing ownership of a valid copyright or infringement of any copyright.  It also argues that Plaintiff's complaint fails to state a claim for patent infringement because Plaintiff does not allege that a patent was ever granted.  Finally, the GCCF argues that Plaintiff cannot pursue a remedy against it because the GCCF and Feinberg acted for and on behalf of BP to fulfill's BP's statutory obligations under the Oil Pollution Act ("OPA") as the responsible party for the *Deepwater Horizon* oil spill.  The GCCF contends that because it is not the "responsible party" as defined by OPA, Plaintiff cannot sue it for the denial of her claim.

Plaintiff's opposition memoranda largely consist of restatements of allegations made in the complaint, combined with citations to literary works and other items of no apparent

8

relevance.  Plaintiff suggests that her patent is in its "final .
. . stage for application" and that she is a copyright owner.
Rec. Doc. 12, at 2.  She states that she came up with the
invention, in which she has a copyright that she owns.  She
reiterates her allegation that from looking at a media screen,
she knows that her intellectual property was used by the
defendants; and that the defendants have integrated her
submission into the worldwide oil industry.  She alleges that BP
was in control of the property.  She avers that she has been hurt
by this, and by the hacking into of her Blackberry.  She asserts
that she has stated a copyright infringement claim, a claim for
"patent pending," and a plausible claim for use of her
submission.  She alleges the "straight-out stealing" of her
property, id. at 38, and that the defendants continue to actively
engage in the "sale and distribution of the assets which are the
subject of the present matter," Rec. Doc. 49, at 18.  She argues
that there is jurisdiction under "Amount in Controversy,"
"Admiralty, Maritime Law(Federal Question)," "Copyright," and
"Proof of Summon Service."  Rec. Doc. 12, at 9.[2]

---

[2] In a separate opposition memorandum, Plaintiff appears to assert
diversity jurisdiction.  See Rec. Doc. 38, at 2 ("Federal Question( Diversity
Jurisdiction).  Plaintiff lives in NY . . . Place of occurrence is
Louisiana.").

**DISCUSSION**

**A.  Legal Standard**

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'"  Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005).  The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss.  Randall D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 762 (5th Cir. 2011).  The standard of review for a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6).  United States v. City of New Orleans, No. 02-3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, __U.S.__, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  A court must

10

accept all well-pleaded facts as true and must draw all
reasonable inferences in favor of the plaintiff.  Lormand v. U.S.
Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v.
Putnal, 75 F.3d 190, 196 (5th Cir. 1996).  The court is not,
however, bound to accept as true legal conclusions couched as
factual allegations.  Iqbal, 129 S. Ct. at 1949-50.

**B.  Jurisdiction**

    Halliburton raises an issue as to whether this Court has
subject matter jurisdiction over Plaintiff's claims and personal
jurisdiction over Halliburton.  It has moved under Federal Rules
12(b)(1) and (b)(2) with respect to jurisdiction, and (b)(6) with
respect to whether Plaintiff states a claim upon which relief may
be granted.  The Court addresses the jurisdictional issue
initially because "[w]hen a Rule 12(b)(1) motion is filed in
conjunction with other Rule 12 motions, the court should consider
the Rule 12(b)(1) jurisdictional attack before addressing any
attack on the merits."  Ramming v. U.S., 281 F.3d 158, 161 (5th
Cir. 2001).  A federal district court has exclusive jurisdiction
over a case "'in which a well-pleaded complaint establishes
either that federal patent law creates the cause of action or
that the plaintiff's right to relief necessarily depends on
resolution of a substantial question of federal patent law, in

11

that patent law is a necessary element of one of the well-pleaded claims.'" Air Measurement Techs., Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P, 504 F.3d 1262, 1267-68 (Fed. Cir. 2007) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988)); see also 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights, and trademarks.").

Plaintiff's amended complaint states that the "Nature of Suit" is "Copyright#160358157" and "Patent Pending#61408961," as well as the "Individual with Disabilities Education Act('IDEA')." Civil Action No. 10-md-2179, Rec. Doc. 2596, at 1-2. The Court finds that Plaintiff carries her burden of establishing subject matter jurisdiction through invoking patent law, and alleging the theft of her intellectual property. She alleges that the defendants have used her "giant plunger" idea and avers that she has a patent application pending for at least one of her submissions to BP. Her right to relief necessarily depends on the invocation of patent law. Additionally, as noted previously, she asserts diversity jurisdiction, although the assertion is in an opposition memorandum, rather than in the complaint. See Rec. Doc. 38, at 2. The defendants have made no contrary argument in

their several memoranda concerning diversity jurisdiction.

With respect to personal jurisdiction, the plaintiff bears the burden of proof, but she need not establish personal jurisdiction by a preponderance of the evidence. <u>Kelly v. Syria Shell Petroleum Development B.V.</u>, 213 F.3d 841, 854 (5th Cir. 2000). *Prima facie* evidence is sufficient, and the court accepts uncontroverted allegations and resolves in the plaintiff's favor all conflicts between the facts contained in the parties' affidavits and other documentation. <u>Id.</u>  The Court can find nothing in the complaint or amended complaint speaking to the issue of personal jurisdiction over Halliburton.  Halliburton elaborates not at all on its personal jurisdiction argument other than to point out that Plaintiff must establish the existence of such jurisdiction and has not.  There are no affidavits concerning the issue of personal jurisdiction, but Plaintiff in an opposition memorandum states, "Place of occurrence is Louisiana."  Rec. Doc. 38, at 2.  Halliburton, in its reply memorandum, does not comment on this assertion.  Generic as Plaintiff's allegation is, because Halliburton does not make any specific argument to the contrary, the Court finds that Plaintiff has made a *prima facie* showing that the Court has personal jurisdiction over Halliburton under the facts of this case.  To

13

the extent the alleged theft of intellectual property, in which
Halliburton is alleged to be a participant, occurred in
Louisiana, this supports a finding of personal jurisdiction over
Halliburton.

## C.  Merits of the Claims

     Plaintiff filed her complaint *pro se*.  The Supreme Court has
stated that "[a] document filed *pro se* 'is to be liberally
construed,' and 'a *pro se* complaint, however inartfully pleaded,
must be held to less stringent standards than formal pleadings
drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)
(internal citation omitted).  At the same time, "even when a
plaintiff is proceeding pro se, '"the complaint must contain
either direct allegations on every material point necessary to
sustain a recovery ... or contain allegations from which an
inference fairly may be drawn that evidence on these material
points will be introduced at trial."' [A] court need not
'"conjure up unpled allegations or construe elaborately arcane
scripts to" save a complaint.'" <u>Govea v. ATF</u>, 207 F. App'x 369,
372 (5th Cir. 2006) (internal citations omitted). Having
considered the complaint and amended complaint, the Court is
persuaded that Plaintiff's claims are implausible due to the
dearth of factual matter therein.  The Court is unable to draw an

14

inference that any of the named defendants are liable for the alleged patent and copyright infringement and theft of intellectual property.

To establish a copyright infringement claim, a plaintiff must prove that "(1) he owns a valid copyright and (2) the defendant copied constituent elements of the plaintiff's work that are original." <u>Amazing Spaces, Inc. v. Metro Mini Storage</u>, 608 F.3d 225, 251 (5th Cir. 2010). To prove the second element, "'a plaintiff must prove: (1) factual copying and (2) substantial similarity.'" <u>Id.</u> To establish a patent infringement claim, a plaintiff must prove that the defendant, without authority, has made, used, offered to sell, or sold the patented invention. 35 U.S.C. § 271(a). Concerning Plaintiff's general allegation of "theft" of her intellectual property, presumably she purports to invoke state law. Assuming *arguendo* that Plaintiff has pleaded ownership of a valid copyright and/or patent—a doubtful proposition[3]—Plaintiff does not plausibly allege that the

---

[3] Copyright law does not protect ideas, but rather protects the particular expression of ideas. <u>Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.</u>, 220 F.3d 396, 400 (5th Cir. 2000). Plaintiff's submissions, including her "giant plunger" concept, constitute ideas, which are not protected under copyright law, unless she expressed the ideas in tangible form. <u>See</u> 17 U.S.C. § 102(a) ("Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression . . . ."). Furthermore, as to Plaintiff's patent claim, "[p]atent rights are created only upon the formal issuance of the patent; thus, disputes concerning patent validity and infringement are necessarily hypothetical before patent issuance." <u>GAF Building Materials Corp. v. Elk</u>

defendants copied any original work of authorship by Plaintiff or that they have made, used, or sold any patented invention owned by her.  Nor has she plausibly alleged the theft of her intellectual property under any other legal theory.

In Twombly, 550 U.S. at 556, the Supreme Court held that in the context of proof of a contract or conspiracy in restraint of trade under Section 1 of the Sherman Act, the claim "requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made."  In Iqbal, 129 S. Ct. at 1949, the Supreme Court expounded that a claim is facially plausible and thus well-pleaded "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Pleaded facts "merely consistent" with liability do not make a claim plausible. Id.  The few relevant allegations in the complaint in this case are little more than conclusory assertions that the defendants stole Plaintiff's intellectual property:  that the defendants have planned to steal intellectual property on a global scale, that each defendant stole parts of Plaintiff's invention, and that they used her property as technology to clean up the oil

_____

Corp. of Dallas, 90 F.3d 479, 483 (5th Cir. 1996).  Plaintiff has only alleged that she filed an application for a patent, not that a patent has been granted.

16

spill.  Rec. Doc. 1, at 6-8.  To the extent these allegations of theft and use can even equate to "copying" within the contemplation of copyright law, they are bare allegations that do not permit the Court to draw a reasonable inference of copying of her putative work.  Nor under a patent theory do they permit the reasonable inference of use, sale, or making of her invention. Rather, the bare allegations of theft and use are legal conclusions, which are not entitled to any presumption of truth. See Iqbal, 129 S. Ct. at 1949-50 (the court is not bound to accept as true legal conclusions couched as factual allegations). See also Richards v. Duke University, 480 F. Supp. 2d. 222, 242 (D.D.C. 2007) (where the plaintiff simply alleged that the defendants stole her ideas and nothing more, the "claim for theft of intellectual property [was] dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6)").

Although Plaintiff does plead some facts that may receive the benefit of the presumption of truth, those facts do not raise her right to relief above anything other than speculation.  She avers—and the apparent foundation of her grievance is—that she "observed media pictures" of her "giant plunger" device.  Rec. Doc. 1, at 2.  Although this allegation may be *consistent with* a

finding of copying or use by the defendants, it does not push the claim beyond the realm of possibility into plausibility.  See Iqbal, 129 S. Ct. at 1949 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'").  The Court cannot reasonably infer that any defendant copied her alleged work of authorship or used her idea based on the fact that she saw "media pictures" of what she alleges was her work/idea.  The allegations that BP has possessed her intellectual property and integrated it into the oil and gas industry, that the defendants have "exhibited" her property, and that they have used her property to stop the oil spill do not contain sufficient factual matter for the Court to reasonably infer that the defendants appropriated her property through any sort of use or copying.  Rec. Doc. 1, at 7-8.

As to Halliburton, Transocean, Cameron, and the GCCF, Plaintiff alleges no circumstances concerning how these defendants could have come into possession of her intellectual property.  As to BP, although, accepting Plaintiff's allegations as true, BP came into possession of her idea/work through the ART submission program through which Plaintiff submitted her ideas to BP, Plaintiff does not provide any particulars concerning how BP

18

thereafter copied, used, made, or sold her works or ideas. Namely, there are no allegations concerning the "medium" on which she viewed pictures of her submission, that BP was in some way connected with whatever technology she viewed on that medium, or concerning how the subject matter she viewed bore a resemblance to her intellectual property.  Other than seeing media pictures, Plaintiff alleges no other facts from which the Court could infer a non-consensual taking of her intellectual property.  Indeed, Plaintiff alleges that she submitted her ideas/works to BP, and therefore that BP initially possessed these ideas and/or works of authorship with her permission.  She has pleaded no other facts permitting a reasonable inference that BP proceeded to appropriate these ideas/works in some way that exceeded the scope of the permission she initially extended to BP.

Outside of having viewed media images, she scarcely alleges any other circumstantial facts, except that the week prior to the submission of her proposal, a defendant's implementation of a "Cofferdome" idea had failed.  Rec. Doc. 1, at 7.  Perhaps the implication is that the failure of other oil containment ideas such as the "Cofferdome" provided a motive for BP or some other defendant to use Plaintiff's idea, which hopefully would prove more successful than the Cofferdome.  However, this, too, is

19

speculative.  The defendants would have had the motive to implement a potentially successful idea taken from the multitude of ART proposals submitted by members of the public, and thus Plaintiff's potential implication via the Cofferdome allegation does not plausibly state the use or copying of her intellectual property.

Whether under a patent infringement, copyright infringement, or general "theft of intellectual property" rubric, the complaint fails to state a claim because it is "an unadorned, the-defendant-unlawfully-harmed-me accusation."  See Iqbal, 129 S. Ct. at 1949.  Setting aside the legal conclusion of theft of intellectual property, the few factual allegations made do not show that Plaintiff is entitled to relief.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (Rec. Doc. 21) is **DENIED**; that the Motions to Dismiss filed by Cameron (Rec. Doc. 10), BP (Rec. Doc. 9), Halliburton (Rec. Doc. 18), and the GCCF (Rec. Doc. 43) are **GRANTED**; and that the above-captioned case is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 23rd day of April, 2012.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE